# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

## Minute Entry

*Hearing Information:*

| | |
|---|---|
| **Debtor:** | MARTIN EDWARD HUSSAK |
| **Case Number:** | 4:14-BK-09856-BMW    **Chapter:** 7 |
| **Date / Time / Room:** | TUESDAY, OCTOBER 24, 2017 10:30 AM   COURTROOM 446 |
| **Bankruptcy Judge:** | BRENDA M. WHINERY |
| **Courtroom Clerk:** | REBECCA VOLZ |
| **Reporter / ECR:** | WESLEY STANGRET |

*Matter:*

CHAPTER 7 TRUSTEE'S STIPULATED APPLICATION TO COMPROMISE CLAIM PURSUANT TO FRBP 9019 (CONT. FROM 05/23/17) (CONT. FROM 06/20/17) (RESCHEDULED FROM 07/25/17) (RESCHEDULED FROM 09/19/17)

**R / M #:**   71 / 0

*Appearances:*

DENISE FAULK REPRESENTING THE UNITED STATES AND APPEARING IN PERSON
JANET LINTON REPRESENTING REPRESENTING ALAN SOLOT AND APPEARING IN PERSON
ADAM NACH REPRESENTING THE CHAPTER 7 TRUSTEE AND APPEARING BY VIDEO

Page 1 of 3

Case 4:14-bk-09856-BMW    Doc 116    Filed 10/24/17    Entered 10/31/17 14:31:20    Desc
Main Document    Page 1 of 3    10/31/2017    2:31:08PM

# Minute Entry

(continue)... 4:14-BK-09856-BMW        TUESDAY, OCTOBER 24, 2017 10:30 AM

## *Proceedings:*

\*\*\*MINUTE ENTRY AMENDED ON 10/31/17 TO CORRECT TYPOGRAPHICAL ERROR.\*\*\*

The Court notes that the debtor is not present in either courtroom or telephonically.

Mr. Nach reports that declarations have been filed. This settlement is in the trustee's best business judgment and Ms. Faulk's client agrees to the terms. He requests that the Court approve the compromise.

The Court summarizes its concerns. Mr. Hussak's objection is still outstanding. This case was initially filed as a Chapter 13 and converted to a Chapter 7. Mr. Hussak is alleging that part of the malpractice action arose after this case was filed when Mr. Solot neglected to move to extend the stay. Is that cause of action an asset of the Chapter 7 estate upon conversion? The Court needs briefing on that particular issue. If it is an asset of this estate, then the Court can consider the reasonableness of the proposed settlement.

Mr. Nach responds. If the cause of action is not an asset of the estate then the government still has a claim in excess of $300,000.00. It is the trustee's position that Mr. Solot's conduct does not rise to the level of malpractice. He offers to brief the issue.

The Court states that the parties discussed limiting the terms of the release at the last hearing in order for this Court to approve the compromise. The Court is not taking any position with respect to the alleged misconduct at this time. The fact that the government has a lien is irrelevant to the findings the Court is being asked to make under this settlement. Briefing is needed as to whether the alleged cause of action is an asset of this estate.

Ms. Linton states that she will need to speak with her client. Previously her client was unwilling to do a piecemeal settlement. If Mr. Solot is unwilling to limit the release then this issue will be briefed. There was some briefing contained in the stipulated application. It is her client's position that the acts are intertwined.

The Court states that if Mr. Solot's position is that the acts are intertwined then that finding will require evidence. If the parties take the position that the alleged misconduct is an independent act and it is property of the estate then the Court will still need that position briefed.

Discussion is held regarding procedure going forward.

The parties agree that they will discuss this matter further. If the parties agree to carve out any post-petition conduct from the release then an amended stipulation will be filed and an order uploaded for the Court's consideration. If there is no agreement, then the parties will

# Minute Entry

(continue)... 4:14-BK-09856-BMW    TUESDAY, OCTOBER 24, 2017 10:30 AM

brief this matter.

COURT: THIS MATTER IS OFF CALENDAR SUBJECT TO CALL. THE COURT WILL CONSIDER AN AMENDED STIPULATION AND PROPOSED ORDER WITHOUT FURTHER HEARING. IF THE PARTIES PROCEED WITH BRIEFING THEN A CONTINUED HEARING WILL BE SET ONCE THE BRIEFING IS COMPLETE. THE PARTIES ARE TO CONTACT THE COURTROOM DEPUTY TO REQUEST A HEARING ONCE THE BRIEFING IS COMPLETE.