**GOLDSTEIN LEGAL TEAM, PLLC**
H. Lee Horner Jr.   ASB #022791
5800 Arizona Pavilions Dr, # 2665
CORTARO, AZ 85652

520-979-5176
FAX 520-323-0131

Attorneys for Debtor Hussak

*steinway@rocketmail.com*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

**CASE No.** 14-bk-9856-BMW

In Re:

Martin Edward Hussak,

DEBTOR

Chapter 7 proceedings

**MOTION TO VACATE ORDER ENTERED FEB 23, 2018 [dkt 129] APPROVING STIPULATED COMPROMISE**

Goldstein Legal Team, PLLC and H. Lee Horner Jr. counsel for debtor Martin Hussak[1] hereby moves this court for an order vacating and setting aside the order entered February 23, 2018 [dkt 129] approving an amended stipulated application to compromise claim, pursuant to *F.R.Civ.P. 60(b)* as incorporated into these proceedings by *F.R.Bk. 9024* due to an absence of notice and opportunity to be heard after further briefing on the subject.

The debtor has standing to object to this motion as his objection may well result in a higher cash flow to the estate with a corresponding reduction

---

[1] The debtor signed and filed "over the counter" on Jan 31, 2018 [dkt 123] a motion to substitute the undersigned counsel as his counsel of record and lodged a proposed order [dkt 124]. This order has not yet bee signed. The clerk advised that the paper copy would be accepted, this time, but further filings are required to be electronic. Dkt. 126. As of today the undersigned does not appear in the docket caption as debtor's counsel.

1

in a non-dischargeable fine.

## NO NOTICE TO PROPOSED COUNSEL WAS GIVEN

While counsel was not yet counsel of record, the substitution of attorneys (debtor pro-se for counsel) was filed on January 31 and, we are informed and believe, served by CM/ECF on all parties in interest in the normal course of events.

The application to compromise had been filed January 18 [dkt 120], described as a "stipulation" but the debtor never so stipulated.

The court had previously directed the parties to brief the issue of the chose in action being estate property or not, and the case was ordered off calendar until that happened.

Because he was unaware of the "stipulation" which did not include the debtor, counsel undersigned was not able to brief the issues before the court on ownership of the chose in action.

The trustee then filed a certificate of service and negative declaration, dated February 15 reciting that the application had been mailed to all creditors and parties in interest on the most current and updated master mailing list on January 21. That much is true.

However, before this certificate was filed, the trustee had notice of counsel's imminent substitution in, yet chose not to serve him with a copy of the application.

The debtor had received the court's minute entry dated October 24, 2017 [dkt 116] stating that the case was put "on hold" pending further briefing from him on the matter, and counsel substituted in with the express purpose of briefing this issue, relying on that minute entry.

The court directed the parties to meet and confer on a proposed resolution and, failing that, ordered briefing.

There was no attempt to meet and confer with the debtor nor the

undersigned new counsel, and the debtor never agreed to the stipulated application.

Because of the lack of service of the moving papers on counsel, the debtor has been denied the opportunity for a full and fair hearing on the merits of the motion.

**THE DEBTOR HAS STANDING TO OBJECT TO THIS COMPROMISE**

The Bankruptcy Code specifies a distribution scheme in Chapter 7 cases at *11 U.S.C. 726.* Secured claims, generally, are not paid by Chapter 7 estates with the exception of certain fines, penalties or forfeitures, whether secured or not, arising pre-petition. *Id. §(a)(4).*

The debtor also has a right to distribution, in the remote chance that there is a surplus, as a sixth priority distributee. *Id. §(a)(6).*

In this case it is not disputed that the United Sates has a secured claim in this bankruptcy for a fine or penalty not related to pecuniary loss, so it is entitled to be paid as a fourth level claimant.

Such payment would be operative to reduce the debtor's obligation on this non-dischargeable debt, so the debtor has an interest in the outcome of this dispute with the trustee and, accordingly, standing to appear and be heard on a compromise of estate assets.

As the court is aware, the debtor, at the time the above captioned case was filed, had a pending dispute with the Arizona Department of Transportation ["ADOT"] over an eminent domain/condemnation taking of the debtor's real property scheduled as being worth $269,000 subject to an encumbrance of approximately $137,529, or gross equity of **$131,471.**

Because this was the last of a series of filings by the debtor, the automatic stay was in place for only 30 days after relief was ordered pursuant to *11 U.S.C. 362(3)* absent a court order extending the stay.

No motion was made by debtor's counsel Mr. Solot to extend the stay

and, as a proximate result, the debtor lost the ability to prosecute the pending condemnation action.

As a proximate result of this negligence, the debtor and the estate were deprived of the recovery of the $131,471 in gross equity.

**THE DEBTOR SHOULD BE AFFORDED AN OPPORTUNITY TO PROSECUTE THE STATE COURT MALPRACTICE ACTION TO A CONCLUSION**

The debtor is prepared to go forward and prosecute the state court malpractice claim, this time with counsel, for the account of this estate.

While the trustee proposes that, in her business judgment, all the claim is worth is $25,000, ***approximately 19% of the damages,*** for a "fast sale/fire sale" transaction involving depreciating assets, this might make sense.

Here it doesn't. The insurance carrier of course wants to settle for bottom dollar and the trustee wants a fast resolution - both accomplished by the proposed 81% discount on the asset.

It is possible, for example, for a mediation to occur in the state action that will substantially enhance the settlement amount. It is equally likely that a jury trial would result in a full recovery plus pre-judgment interest, all for the account of the estate.

Such an opportunity is requested.

## CONCLUSION

The docketed order entered without the stipulation or input of the debtor should be vacated and the matter set for further briefing; alternately it should be vacated and the debtor allowed to proceed forward with the state court malpractice action for the account of the estate.

Respectfully submitted March 16, 2018

**GOLDSTEIN LEGAL TEAM, PLLC**

s/H. Lee Horner Jr.  022791

_____
H. Lee Horner Jr.
Counsel for debtor Hussak


Copy served on all interested parties
by CM/ECF on March 16, 2018

s/J. Horner

_____
J. Horner, declarant for service only